NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2994
_____

WILLIAM S. KARN,

Appellant

v.

CLAYTON S. MORROW; PROTHONOTARY;
BOROUGH OF BEN AVON
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 10-cv-00424)
District Judge:  Honorable William L. Standish
_____

Submitted Under Third Circuit LAR 34.1(a)
February 17, 2011

Before:  SLOVITER and HARDIMAN, *Circuit Judges* and JONES[*], *District Judge*.

(Filed:  February 25, 2011)

_____

OPINION OF THE COURT
_____

---

[*]The Honorable C. Darnell Jones, District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

HARDIMAN, *Circuit Judge*.

William S. Karn appeals the District Court's dismissal of his complaint against the Borough of Ben Avon, the Allegheny County Prothonotary, and Clayton S. Morrow. We will affirm.

On March 30, 2010, Karn brought suit alleging that Defendants violated his Thirteenth and Fourteenth Amendment rights by subjecting him to involuntary servitude and depriving him of equal protection of the law. Karn later amended his complaint to add a breach of contract claim against Morrow. The District Court dismissed the amended complaint, finding that it failed to meet the requirements of Federal Rule of Civil Procedure 8(a)(2) and sought an impermissible advisory opinion. This appeal followed.

On appeal, Karn presents a host of new issues, none of which he raised in the District Court. Specifically, he contends that the Constitution empowers the federal government to seize control of the state judiciaries and create a single unified federal court system. According to Karn, this process might be achieved by "replacing the human analytical process with a rivaling super computer" in order to allow "[d]igital logic [to] assist and ultimately supplant human logic." Br. at 7. Although this suggested reform more closely resembles the writings of Isaac Asimov than Thomas Paine (to whom Karn compares himself), his goal—to create a system where "judges are not . . . elected to office by election campaigns and public vote," Br. at 4—is the subject of discussion in appropriate fora.[1]

---

[1] *See, e.g.*, Colloquium, *The Debate Over Judicial Elections and State Court Judicial Selection*, 21 GEO. J. LEGAL ETHICS 1347 (2008) (organized by the Sandra Day O'Connor Project on the State of the Judiciary).

A federal court of appeals, however, is not such a forum. However thought-provoking Karn's ideas may be, his appeal fails to challenge any of the District Court's findings of fact or law. Because Karn's appeal does not address the merits of his underlying claim or any purported errors committed by the District Court, we hold that he has waived any grounds for appeal he might have asserted. *See In re Surrick*, 338 F.3d 224, 237 (3d Cir. 2003). Accordingly, we will summarily affirm the District Court's order pursuant to Third Circuit Internal Operating Procedure 10.6.